UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION


BISHOP RODNEY MCFARLAND,                    CIVIL DOCKET NO:
CHAIRMAN MONROE CITY COUNCIL
VERBON R. MUHAMMAD, SR., VICE CHAIRMAN
MONROE CITY COUNCIL AND JUANITA          JUDGE TERRY DOUGHTY
G. WOODS, MEMBER in their
OFFICIAL CAPACITY
REVEREND ROOSEVELT WRIGHT, JR.

                    **Plaintiffs**

v.

LOUISIANA STATE GOVERNOR JEFF LANDRY
CITY OF MONROE MAYOR
FRIDAY ELLIS                               MAGISTRATE JUDGE
TIMOTHY WILLIAM MONROE CITY                KAYLA D. MCCLUSKY
FIRE CHIEF in their OFFICIAL CAPACITY

                    **Defendants**


 **COMPLAINT FOR DECLARATORY JUDGMENT**
**AND INJUNCTIVE RELIEF**

        TO THE HONORABLE, JUDGES OF THE UNITED STATES DISTRICT
COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA, MONROE
DIVISION:

        The Complaint of CHAIRMAN BISHOP RODNEY MCFARLAND, VICE

CHAIRMAN VERBON R. MUHAMMAD,SR., JUANITA G. WOODS, members of

the Monroe City Council, and REVEREND ROOSELT WRIGHT, JR. who are

domiciled in the City of Monroe, Ouachita Parish, State of Louisiana, appearing

herein by and through undersigned counsel respectfully represent that this is a civil

action against , GOVERNOR FOR THE STATE OF LOUISIANA  JEFF LANDRY,

MONROE CITY MAYOR FRIDAY ELLIS AND CITY OF MONROE FIRE CHIEF

1

TIMOTHY WILLIAMS, seeking to challenge the State of Louisiana and the City of Monroe, Louisiana on the grounds that Act 452 (SB 220, effective August 1, 2025) amendment to La R.S. 33:381(F)  violates Section 2 of the Voting Rights Act of 1965, 52 U.S.C. Section 10301('VRA"), the Constitution of the United States and the Louisiana Constitution that unlawfully dilute the voting strength of Black Voters in Monroe Louisiana by stripping the Monroe City Council of it's authority to appoint a Police and Fire Chief and deny them a full and fair opportunity to participate equally to White Voters in the political process. Further Act 452's, amendment to the Lawrason Act R.S. 33:381(F) is a direct conflict with the Louisiana Constitution and Monroe's Home Rule Charter.

## A.

### Jurisdiction

1. The Jurisdiction of this Honorable Court is invoked under 28 U.S.C. Section 1331, and (Title VII) of the Civil Rights Act of 1964 some of the claims asserted herein arise under the laws of the United States. This Court also has jurisdiction pursuant to 28U.S.C. Section 1343 (a)(4) and 1357 because this is a civil action to secure equitable relief under the "VRA", which is an Act of Congress that protects the right to vote.

2. Jurisdiction against the individual defendants is conferred upon this Court by 28 U.S.C. Section 1331 (federal question) and 1343 (civil rights). The state law claims for relief are within the supplemental jurisdiction of the court, pursuant to 28 U.S.C. Section 1367.

3. All the events referred to in this complaint occurred within the Western District of Louisiana, United States of America.  Venue is proper in this Court.

4. Plaintiffs' action for declaratory and injunctive relief is authorized by 28 U.S.C. section 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure. Plaintiffs are entitled to relief under, among other provisions of law, 52 U.S.C. section 10301 and 42 U.S.C. section 1983. Upon prevailing, Plaintiffs will further be entitled to fees and costs pursuant to 52 U.S.C. section 10310( e ) and 42 U.S.C. section 1988.

### B.

### Parties

5. Plaintiff, BISHOP RODNEY MCFARLAND , an African American citizen with a domiciliary in the City of Monroe, Ouachita Parish, State of Louisiana. He is a member of the Monroe City Council representing District 4 and is the ranking Chairman.

6. Plaintiff VERBON R. MUHAMMAD, SR., an African American citizen with a domiciliary in the City of Monroe, Ouachita Parish, State of Louisiana. He is a member of the Monroe City Council representing District 5 and is the ranking Vice -Chairman.

7. Plaintiff JUANITA G. WOODS, an African American citizen with a domiciliary in the City of Monroe, Ouachita Parish, State of Louisiana. She is a member of the Monroe City Council representing District 3 and is a ranking member.

8. Plaintiff REVEREND ROOSEVELT WRIGHT , JR. is a African American Citizen with a domiciliary in the City of Monroe, Ouachita Parish, State of Louisiana.

He is a registered voter and consistently votes in District 3 and intends on voting in that district in future elections.  REVEREND WRIGHT is injured because his vote is diluted by ACT 452 of 2025 amendment to R.S. 33:381(f). Act 452 of 2025, practical operation transfers REVEREND WRIGHT voting power from his district to a statewide elected official elected by a majority-white electorate.

9.  Defendant JEFF LANDRY is the Governor of the State of Louisiana. He is being sued in his official capacity.

10.   Defendant FRIDAY ELLIS is the Mayor for the City of Monroe, Louisiana. He is being sued in his official capacity.

11.   LIZ MURRILL is the Attorney General  for  the State of Louisiana. She is being served in her official capacity.

12.   Defendant TIMOTHY WILLIAMS is the named Fire Chief for the City of Monroe, Louisiana. He is being sued in his official capacity.

## C.

### Facts

13.  The city of Monroe Louisiana is a home-rule charter city with a population of approximately 47,702, a majority of whom are black.

14. The Monroe City Council has five members. Three members-- BISHOP RODNEY MCFARLAND, VERBON MUHAMMAD, SR., JUANITA WOODS are black, constituting a 60% majority reflective of Monroe's black electorate.

15.   The city of Monroe Louisiana initiated their search for a new Fire Chief in 2023, following the retirement of the previous chief, who had served for several years. The

search aimed to find a qualified candidate to lead the fire department. The City received 15 applications for the vacant city Fire Chief position.

16. The Monroe City Council chairman BISHOP RODNEY MCFARLAND Vice chairman VERBON MUHAMMED and council member JUANITA WOODS sought an open and constructed dialog with Mayor FRIDAY ELLIS regarding the  choosing of a Fire Chief.

17. Mayor ELLIS failed to adequately communicate with Chairman MCFARLAND, Vice Chairman MUHAMMED and council member WOODS causing a delay in the appointment of a fire chief.

18. In an effort to circumvent the Council's authority Mayor Ellis had a discussion with State Senator Stewart Cathy, Jr. who subsequently sponsored a Bill Act 452 of 2025, which went into effect on August 1, 2025.

19. Act 452 of 2025, is an amendment to Louisiana R.S.33: 381(F), which is a provision within the Lawrason Act, which governs municipalities that operate under the general statutory framework provided by the State.  The Lawrason Act sets out the structure and officers of municipalities that have not adopted a home rule charter.

20. Subsection (F), as amended by Act 452 of 2025, states (1) Notwithstanding any provision of law or home rule charter to the contrary, in any municipality with a population greater than forty-five thousand,  but not more than forty-eight thousand according to the most recent federal decennial census, if a vacancy in the office of chief of police or fire Chief continues for more than twelve consecutive months and the municipal  governing authority fails or declines to confirm an appointment submitted by the mayor or other appointing authority whether it's home rule charter,

5

the governor shall have the authority to make an appointment to that position. (2) The governor shall make such appointment from among the certified eligible list provided by the municipal fire and police civil service board. The appointment shall be made upon recommendation of the mayor or local appointing authority notwithstanding any prior injection by the municipal governing authority. (3) The appointee shall begin the working test period as provided in Louisiana R.S. 33: 2495, and the appointing authority shall retain all authority provided by law with respect to removal during the working test period. (4)  The appointing authority shall notify the civil service board in writing of the filling of the vacancy as required by law. (5) The provision of this subsection shall be retroactive to June 1, 2023.

21.    Prior to Act 452, the City Council held exclusive authority to appoint or confirm appointments of the City's police and fire chief, a critical function of local self-government according to the home-rule charter.

22.  The most recent U.S. Census Bureau population shows as follows:

Population

| City | Population |
| --- | --- |
| Monroe, Louisiana | 47,702 |
| New Orleans, Louisiana | 383,997 |
| Shreveport, Louisiana | 187,593 |
| Lafayette, Louisiana | 121,374 |
| Lake Charles, Louisiana | 87,448 |
| Alexandria, Louisiana | 46,180 |
| Baton Rouge, Louisiana | 227,470 |

6

Bossier City, Louisiana                           62,701

Data is drawn from the U.S. Census Bureau's City and Town Population from the 2020 decennial Census.

23.      According to the most recent U.S. Census Act 452, enacted in 2025, applies only to municipalities with population over forty-five thousand but not more than forty-eight thousand. Monroe and Alexandria Louisiana are the only two cities that fall within this classification.

24.   The practical effect of Act 452, undermines the Council majority by transferring appointment authority to the Governor if the Council withholds confirmation for one-year.

25.      Because the Governor is elected statewide by a majority-white electorate, Act 452 effectively strips Monroe's Black majority City Council of its appointment authority in a key governmental function, diluting the electoral strength of Black voters who elected that council majority.

26.     On October 24, 2025, via email notice of the Preliminary Injunction was served on Governor Landry, Mayor Ellis and Timothy Williams.

27.      On October 27, 2025, via fax notice of the Preliminary Injunction was served on Attorney General Liz Murrill.

**D.**

**ACT 452 of 2025 AMENDMENT TO LA.R.S. 33:381(F)**
**VIOLATES THE VOTING RIGHTS ACT 1965**

28. Plaintiffs incorporate herein as is set out in full the facts alleged in Paragraphs 1-18 above.

29.    The Voting Rights Act of 1965(the "VRA" is a landmark federal statute that was enacted to replace the disenfranchisement and racial discrimination of the Jim Crowe era with a true multi-racial democracy.

30.    Section 2 of the Voting Rights Act, 52 U.S.C. section 10301, prohibits any state or political subdivision from imposing any voting qualification, prerequisite, standard, practice or procedure that results in a denial or abridgment of the rights to vote on account of race or color. Section 2 encompasses both discriminatory results and intentional vote dilution.

31.   The State of Louisiana does not have a compelling Statewide interest to enact Act 452 an amendment to La. R.S. 33:381 (F). Act 452 an amendment to La. R.S. 33:381(F) has both the purpose and effect of diluting the votes of Black citizens of Monroe by nullifying the decision-making authority of the Council majority they elected, thereby diminishing their opportunity to participate in the political process and elect representative of their choice.

32.    Act 452 an amendment to La. R.S. 33:381(F) uses a surgical population classification-targeting Monroe- and was enacted against a historical backdrop of state efforts to override the majority- Black local government. This context supports a claim that Act 452 an amendment to La. R.S. 33:381(F) was motivated by discriminatory intent. Its practical operation is to transfer power from a Black-majority local body to a statewide elected official elected by a majority-white electorate body to a statewide elected official elected by a majority-white electorate.

33. The State of Louisiana has no compelling State interest or reason to enact, Act 452 which results in the denial and abridgment of the rights of Black Voters in Monroe in violation of Section 2 of the Voting Rights Act.

E.

## ACT 452 OF 2025 AMENDMENT TO LA.R.S. 33:381(F)

## VIOLATES THE EQUAL PROTECTION CLAUSE (42 U.S.C. SECTION 1983

34.    Plaintiffs incorporates herein as is set out in full the facts alleged in Paragraphs 1-18 above.

35.    Act 452 an amendment to La. R. S. 33:381 (F) establishes a closed class by restricting its application to municipalities with populations between 45,000 and 48,000. This classification was drawn to apply solely to Monroe and Alexandria Louisiana and transfers appointment authority from its City Council to the Governor. Such selected legislation violates the equal protection clause because it treats one locally or two localities differently from all others without a legitimate or rational basis.

36. Act 452's purpose to resolve one local political dispute bears no rational relationship to any legitimate statewide interest is a violation of the Equal Protection clause thus should be deemed unconstitutional.

37.    Act 452's serves no rational need to limit gubernatorial appointment power to a 45,000-48,000 window and retroactive date violating the Equal Protection Clause thus should be deemed unconstitutional.

**F.**

**ACT 452 AMENDMENT TO LA.R.S. 33:381(F)**
**VIOLATES THE FIFTEENTH AMENDMENT (42 U.S.C. SEC TION 1983)**

38.   Plaintiffs  incorporates herein as is set out in full the facts alleged in Paragraphs 1-18 above.

39.     The Fifteenth Amendment prohibits any State from denying or abridging the right to vote on account of race, color, or previous condition of servitude. Act 452 amendment to La. R. S. 33:381(F) was enacted and applied for the purpose and with the effect of diluting and nullifying the representational power of a majority Black electorate by stripping the Monroe City Council of it's appointment authority.

40.     By transferring appointment power to the Governor, Act 452 amendment to La. R.S. 33: 381(F) diminishes the effective political participation of Monroe' voters, whose elected council members are thereby rendered powerless to perform a core democratic function. The foreseeable racial impact and legislative sequence demonstrates the discriminatory intent under the standards of *Village of Arlington Heights, 429 U.S. 252 (1977)*.  Therefore, Act 452 amendment to La. R.S. 33:381(F) statute should be declared a violation of the Fifteenth Amendment rendering it unconstitutional.

**G.**

**STATE LAW CLAIMS**
**Act 452's AMENDMENT to La. R. S. 33:381(F)**
**VIOLATES LOUISIANA CONSTITUTION**
**ART. VI SECTION 5 ( E)  AND ART.VI, SECTION 9 (B)**

41.     Plaintiffs incorporates herein as is set out in full the facts as alleged in Paragraphs 1-18 above.

42.    Louisiana Revised Statute 33:381 is a provision within the Lawrason Act, which governs municipalities that operate under the general statutory framework provided by the state. The Lawrason Act sets out the structure and officers of municipalities that have not adopted a homeroom charter.

43.    The City of Monroe, Louisiana operates under a home rule charter pursuant to Article VI of the Louisiana Constitution. A home charter grants a municipality broad authority to manage its own local affairs, including the structure of it's government, the powers of its council, and the appointment or confirmation of municipal officers. Under Monroe's home rule charter, the City Council retains the authority to confirm appointments of key officials, including police and fire chiefs.

44.    Act 452's amendment to La. R. S. 33: 381(F) directly conflicts with Monroe's home rule charter. While the charter requires City Council confirmation for police and fire chief appointments, Act 452 amendment to La. R. S. 33: 381(F) empowers the Governor to override the council after one year of inaction.

45.    The Louisiana constitution Article VI section 5 ( E) guarantees that home rule charter governments retain control over their own structure and organization, unless changed by the charter itself. By reallocating confirmation authority to the Governor, Act 452 amendment to La. R.S. 33:381(F) intrudes into Monroes local governance structure.

46.    Article VI, section 9(B) prohibits the legislature from passing special or local laws that affect the structure and distribution of powers and home rule municipalities. Act 452 amendment to La. R. S. 33:381(F), through its narrow population range in ( 45,000 - 48,000 ), and retroactive date targets  Monroe, effectively making it a special

law. This undermines the Charter authority of Monroe and dilutes the power of it's City Council, which is majority Black.  Thus Act 452 is a violation of Louisiana Constitution creating an impermissible special law that infringes upon the autonomy of Monroe's charter government.

**H.**

**DECLARATORY JUDGMENT RELIEF  IS SOUGHT**

47.     Plaintiffs incorporates herein as is set out in full the facts  and  argument as alleged in Paragraphs 1-38 above.

48.     Plaintiffs seek a Declaratory Judgment declaring that Act 452 amendment to La. R. S. 33:381(F) violates the Voting Rights Act of 1965, the Equal Protection Clause, the Fifteenth Amendment to the U.S. Constitution, and the Louisiana Constitution and is void and unenforceable.

49.      Plaintiffs are seeking a Declaratory Judgment because the need to resolve uncertainty over the allocation of Municipal Authority and Prevent irreparable harm to voters and elected officials is paramount.

50.     Declaratory Relief is appropriate because the controversy is concrete and immediate, enforcement threatens constitutional injury, and no adequate alternative remedy exists. Alternatively, declare that any appointment made under Act 452 an amendment to LA. R.S. 33:381 (F) is null and void for want of constitutional authority.

**I.**

**A PRELIMINARY AND PERMANENT INJUNCTION IS NEEDED**

51.    Plaintiffs incorporate herein as is set out in full the facts and argument in

Paragraphs 1- 42 above.

52.    In addition to Declaratory relief, Plaintiffs request a Preliminary and Permanent injunctions barring Defendants from enforcing Act 452 amendment to La. R. S. 33:381(F).

53.   The Plaintiffs in the aforementioned Paragraphs 1-42 have demonstrated Constitutional injury under the Voting Rights Act, Equal Protection Clause, Fifteenth Amendment to the U.S. Constitution, and the Louisiana Constitution. The loss of representational power constitutes irreparable injury. A Constitutional injury that cannot be compensated by money damages.

54.    The Plaintiffs face irreparable harm because the Governor has already made the appointment based upon the recommendation of the Mayor and the Mayor has already hired a Monroe City Fire Chief, Defendant TIMOTHY WILLIAMS.

55.    Enjoining enforcement serves the public interest by upholding the Rule of Law and preventing unconstitutional State intrusion into Municipal Authority.

WHEREFORE, Plaintiffs respectfully request that this Court Declare Act 452 of 2025 amendment to 33:381 (F) in violation of the Voting Rights Act, the Equal Protection Clause of the Fourteenth Amendment, the Fifteenth Amendment to the U.S. Constitution and the Louisiana Constitution.

Further Pray that Act 452 of 2025 amendment to La. R. S. 33:381 (F) be declared Un Constitutional thus unenforceable.

Further Prays that a Preliminary and Permanent Injunction be issued prohibiting Defendants from enforcing or implementing Act 452 of 2025 amendment to La. R. S 33:381(F).

Further Prays Alternatively, that any appointment made under Act 452 amendment to La. R. S. 33:381(F) be declared null and void for want of constitutional authority. Further Prays that reasonable attorney's fees and cost under U.S.C. section 1988, together with further equitable relief as Justice so require.

Respectfully submitted

/s/ Carol D. Powell-Lexing
**Carol D. Powell Lexing**
**Law Office of Carol D. Powell Lexing**
**& Associates (PLC)**
**2485 Tower Drive, Suite 6**
**Monroe, Louisiana 71201**
**Telephone: 318-324-0700**
**Facsimile: 318-324-0702**
**Email: Legaldove2@yahoo.com**
**Bar Roll No 21033**

/s/ *Pamela Renae Harper*
**PAMELA RENAE HARPER**
 **Attorney at Law**
 1306 Sibley Road
  Minden, LA 71055-0000
  Tele: 318-377-7131
  Facsimile: 318-371-0902
  E:Mail: pharperaty@aol.com
  **Bar Roll No. 19337**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint was filed electronically with the Clerk of Court using CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system on the 31st  day of October, 2025.

/s/      Carol D. Powell Lexing
**Carol D. Powell Lexing**